**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

FILED IN OPEN COURT
7/28/05
RALPH L. DeLOACH, CLERK
BY ________ DEPUTY CLERK

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**V.**

**DEAN A. SIPES,**

**Defendant.**

**CASE NO. 05-20040-01-JWL**

**PLEA AGREEMENT**

The United States of America, by and through Assistant United States Attorney, Kim I. Martin, and Dean A. Sipes, the defendant, personally and by and through defendant's counsel, Bruce W. Simon, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count(s) 1 of the Indictment charging a violation of Title 18, United States Code, § 2423(b), that is, travel in interstate commerce for purposes of engaging in a sexual act with a minor. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the indictment to which the defendant has agreed to plead guilty is not less than 5 years nor more than 15 years of imprisonment, a $250,000 fine, not more than 3 years of supervised release, and a $100 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> On November 3, 2003, Officer Angie Wilson, posing as a 14 year old female named "Amber" residing in Overland Park, Kansas, entered Yahoo chatroom Teen Romance. She was contacted by an individual using the screen name "das19991999"
>
> On July 16, 2004, Agent Wilson sent a subpoena to Yahoo! who provided information regarding the identity of das19991999. The screen name was registered to the defendant Dean Sipes with an address of Washington, Indiana.
>
> During the 16 months of conversation between the defendant and "Amber" they discussed that she was 14 years old, her school activities and that she was sexually inexperienced. Amber told the defendant that she was a virgin. The defendant discussed traveling to Overland Park, Kansas, to visit Amber and engage in sex with her. He had planned to travel around Christmas of 2004, but it did not work out. Amber told the defendant that her birthday was March 19th, and that her spring break from school was the week of March 14-18. The defendant told Amber he would have to come during the week. The defendant asked Amber to let him know what hotels were near her house and the mall. Amber provided him with three different motels in Lenexa, Kansas.
>
> In late February 2005, the defendant told Amber that he was going to send her a package. He obtained an address from her and told her to watch for it in the mail. On March 3, 2005, Agent Wilson picked up a package addressed to Amber Stone from an undercover mailbox. The package included a multi speed vibrator, two batteries, an adult pornography video and two shirts. When the defendant and Amber discussed the package, he indicated the "toy" would allow her to practice and get ready for him.
>
> On March 15 and 16, 2005, while chatting on Yahoo! Messenger, the defendant told Amber that he had decided to stay at the Radisson Hotel, Lenexa, Kansas. This is one of the hotels that the Agent had provided to the defendant as close to her house. The agent and defendant then discussed that he would travel from his home in Washington, Indiana, to Lenexa, Kansas, on March 17, 2005. He would call Amber when he arrived. They planned for her to walk from her house to the hotel and meet the defendant in his room. The defendant told Amber that he would be driving a 2003 Silver Chevy Impala. During a chat on March 16, 2005, the defendant stated, "like suckin me and telling me that it feels sooooooo good and sayin mmmmmmmmm an see your face with my cum on it."

On March 17, 2005, Amber received a telephone call from the defendant at approximately 11:20 a.m. The defendant stated he was approximately 1 hour away and asked if she had any red fingernail polish. He said he liked fingernails and toenails painted red. At approximately 1:10 p.m. Amber received another phone call from the defendant. He told her he had arrived and that he was in room 148. Agents observed a silver Chevy Impala with Indiana license plates arrive at the Radisson Hotel in Lenexa, Kansas. As agents approached room 148 the defendant was leaving. He was placed under arrest and read his rights pursuant to Miranda.

The defendant agreed to be interviewed. The defendant admitted meeting Amber in a chatroom although he could not remember which one. He said he often visits chatrooms such as Midwest, Indiana, Daddies and Daughters, and naughty Girls. He stated that he and Amber had been chatting for approximately 1 year and she was 14 years old. He stated that after checking into the hotel he went to a local grocery store and purchased a box of condoms and three greeting cards. The defendant admitted chatting with other underage females and had discussed meeting with them, but denied making any plans to do so. He admitted sending a similar package containing a vibrator, pornography video and shirt to another underage girl, but had not met with her in person.

3. <u>**Application of the Sentencing Guidelines**</u>. The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the defendant will not request a

sentence below the low end of the guideline range. The parties understand this agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

a. To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment;

b. To recommend a sentence at the low end of the applicable guideline range;

c. To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty. However, the government's obligation concerning acceptance of responsibility is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to withdraw this recommendation without breaching this agreement;

d. To not request an upward departure from the applicable sentencing guideline range if the defendant agrees not to request a downward departure;

In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rules of Criminal Procedure, § 11(f), Federal Rules of Evidence, § 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6. **Sentence to be Determined by the Court**. The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7. **Information Provided by Defendant**. The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's

applicable guideline range or departing above his guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is warranted.

8. **Withdrawal of Plea Not Permitted**. The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

9. **Payment of Special Assessment**. The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver payment to the clerk of the court in the appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 4(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

10. **Waiver of Appeal and Collateral Attack**. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By

entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

**11.** **Waiver of FOIA Request**. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

**12.** **Waiver of Claim for Attorney's Fees**. The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**13.** **Full Disclosure by United States**. The defendant understands the United States will provide to the court and the United States Probation Office all

information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**14. Defendant's Agreement.** The defendant agrees to register as a sex offender if required by the state in which he resides.

**15. Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority. The defendant further agrees to register as a sex offender if required by the state in which he resides.

**16. No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion.

The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

MARIETTA PARKER, # 77807
Criminal Chief/Supervisor
500 State Ave., Suite 360
Kansas City, KS 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: marietta.parker@usdoj.gov

Date: July 27, 2005

KIM I. MARTIN, # 13407
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: kim.martin@usdoj.gov

Date: 7-27-05

DEAN A. SIPES
Defendant

Date: 7-28-05

BRUCE W. SIMON
Simon & Simon
801 Walnut - Ste. 600
Kansas City, MO 64106
Attorney for Dean A. Sipes

Date: 7/28/05